

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00597-CR

LAJUAN L. HALL                                APPELLANT

V.

THE STATE OF TEXAS                              STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY
## TRIAL COURT NO. 1192679

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Lajuan L. Hall of driving while intoxicated, and the trial court sentenced him to 90 days' confinement and a fine of $800. In a single point, Hall argues that his Sixth Amendment right to confrontation was violated when the trial court admitted evidence of a blood test without requiring

---

[1]*See* Tex. R. App. P. 47.4.

the State to call the phlebotomist who performed the blood draw as a witness. We will affirm.

In October 2009, Hall was driving home on I-30 when he collided with another vehicle. After continuing for about a quarter-mile, Hall and the other driver stopped and exited their vehicles. Hall immediately told the other driver that "[h]e had been drinking," admitted fault for the accident, and told the other driver to call the police. When the police arrived, Officer King, an officer in the Arlington DWI unit, "immediately detected the odor of an alcoholic beverage coming from [Hall's] breath and person" and noticed that his eyes were bloodshot. Hall once again admitted to drinking prior to the accident and told Officer King that he was on his way home from a club in Dallas. Officer King then asked Hall to perform a series of standardized field sobriety tests, and Hall eventually agreed. She had Hall perform three tests: the horizontal gaze nystagmus test, the walk-the-line test, and the one-leg-stand test. On these three tests, Hall scored a total of fourteen clues, indicating to Officer King that he was intoxicated, and she placed him under arrest.

At the police station, Hall was placed in the intoxilyzer room, where he was read a statutory warning and asked for a sample of his breath or blood. After refusing this request, Officer King obtained a warrant and transported Hall to Arlington Memorial Hospital, where LaKeisha Dallas, a phlebotomist, performed the blood draw. Officer King personally observed Dallas draw blood from Hall and certified that everything was done according to standard procedure. Joyce

2

Ho, a lab manager for the Tarrant County Medical Examiner's Office Toxicology Department, tested Hall's blood sample and reported Hall's blood alcohol concentration (BAC) to be approximately .16.

In his only point, Hall argues that "[t]he trial court erred when it allowed the [S]tate to admit the results of [his] blood test without providing him an opportunity to confront the individual who extracted the blood sample."

The standard of review for a trial court's admission of evidence is abuse of discretion, and wide discretion is afforded to the trial judge. *See Green v. State*, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1200, (1997); *see also Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); *Theus v. State*, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992). The trial court's decision should be reversed on appeal only if there is a showing of a clear abuse of discretion. *See Theus*, 845 S.W.2d at 881; *Lajoie v. State*, 237 S.W.3d 345, 352 (Tex. App.—Fort Worth 2007, no pet.). Therefore, only if the court's decision falls outside the "zone of reasonable disagreement" has it abused its discretion. *See Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App.1991) (op. on reh'g).

The Sixth Amendment's Confrontation Clause states, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. This makes testimonial evidence inadmissible at trial unless the witness who made the testimonial statement: (1) takes the stand to be cross-examined, or (2) is unavailable and

3

the defendant had a prior opportunity to cross-examine him. *Burch v. State*, 401 S.W.3d 634, 636 (Tex. Crim. App. 2013) (citing *Crawford v. Washington*, 541 U.S. 36, 57, 124 S. Ct. 1354, 1367 (2004)). "[T]estimonial statements are those 'that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'" *Adkins v. State*, 418 S.W.3d 856, 861–62 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (quoting *Burch*, 401 S.W.3d at 636). "Forensic reports are testimonial statements." *Id.* at 862; *see Burch*, 401 S.W.3d at 636–67.

In *Bullcoming v. New Mexico*, the prosecution provided a forensic lab report demonstrating that the defendant's BAC exceeded the legal limit. *See* 131 S. Ct. 2705, 2709 (2011). Instead of calling the analyst who tested the defendant's blood and certified the report, the prosecution called a surrogate analyst to testify. *Id.* The Supreme Court held that the lab report constituted a testimonial statement *by the analyst who tested the sample*, and the Confrontation Clause required that the defendant have an opportunity to cross-examine that analyst. *See id.* at 2710 ("The accused's right is to be confronted with the analyst who made the certification, unless that analyst is unavailable at trial, and the accused had an opportunity, pretrial to cross-examine that particular scientist.").

In *Burch*, the trial court admitted a lab report that the State had offered certifying that a substance found in the defendant's possession was cocaine. 401 S.W.3d at 635. The State called the person who reviewed the report but not

the person who tested or analyzed the substance. While the reviewer had signed off on the report, "there was no indication that she actually saw the tests being performed or participated in them." *Id.* at 635–36. The Court of Criminal Appeals held that the defendant's Sixth Amendment right was violated because the evidence was testimonial and the defendant did not have an opportunity to confront the analyst who made the testimonial statement. *Id.* at 637–38 ("Without having the testimony of the analyst who actually performed the tests, or at least one who observed their execution, the defendant has no way to explore the types of corruption and missteps the Confrontation Clause was designed to protect against.").

In *Adkins*, the trial court admitted a blood test report certifying the defendant's BAC after his arrest. 418 S.W.3d at 859–60. At trial, the State called the analyst who performed the test and the officer that witnessed the blood draw; however, the defendant argued that this was insufficient under the Confrontation Clause because the State failed to call the nurse who actually drew the blood. *Id.* at 861. The court of appeals held that the Confrontation Clause was not violated because "[t]he analyst who tested [the defendant's] blood and signed the report testified at trial and was subjected to cross-examination." *Id.* at 862.

In *State v. Guzman*, the trial court granted the defendant's motion to suppress after the State offered into evidence blood test results without giving the defense an opportunity to confront the nurse who performed the blood draw.

5

439 S.W.3d 482, 484–85 (Tex. App.—San Antonio 2014, no pet.). The court of appeals, however, reversed, holding that the decision in *Bullcoming* does not extend "to a person who only performs a blood draw and has no other involvement in the analysis or testing of a blood sample." *Id.* at 488 (noting that the nurse performed only the blood draw, was not involved in the analysis or testing of the blood sample, and did not provide any statement appearing within or accompanying the blood test results).

Here, Hall is correct that the blood test results are testimonial, but his inability to cross-examine Dallas, the phlebotomist who drew his blood, did not violate his right to confrontation because Dallas was not involved in the analysis of Hall's blood specimen, nor did she provide any statement that appeared within or accompanied the blood test results. *See Guzman*, 439 S.W.3d at 484–85; *Adkins*, 418 S.W.3d at 862. In *Adkins* and *Guzman*, the courts focused on the availability of the analyst who certified the forensic reports to determine whether or not the defendant's right to confrontation had been violated.[2] *See Guzman*, 439 S.W.3d at 484–85; *Adkins*, 418 S.W.3d at 862. Likewise, here, Joyce Ho

---

[2]Hall distinguishes this case from *Adkins* in two ways. First, he asserts that the court was provided with a video recording of the blood draw in that case. This fact is not dispositive, however, because no video evidence was available in *Guzman* and the court in *Adkins* did not draw on this fact to support its reasoning. Second, he argues that the court in *Adkins* was "more focused on the third prong of the *Kelly* standard" rather than the issue of confrontation. We disagree. The *Adkins* court focused on the admissibility of the evidence under the *Kelly* standard and the Confrontation Clause, giving sufficient attention to both arguments.

analyzed Hall's blood sample, testified at trial regarding the accuracy of the blood test results, and provided a detailed explanation of the blood-testing procedure. Thus, it was Ho, not Dallas, who had "personal knowledge about whether the test[] [was] done correctly or whether the . . . results [were fabricated]." *See Adkins*, 418 S.W.3d at 862.

Hall contends that Officer King was a "surrogate" witness, given the Supreme Court's reasoning in *Bullcoming*, and asserts that she could not validly testify regarding the blood draw, "being that she lacked the training and authority to conduct blood draws herself." While Hall has a constitutional right to confront the persons involved in the preparation of tests and reports arising from the analysis of his blood, "the Confrontation Clause does not require 'that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution's case.'" *Adkins*, 418 S.W.3d at 862 (quoting *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 n.1, 129 S. Ct. 2527, 2532 n.1 (2009)). Moreover, Officer King cannot be considered a "surrogate" witness for Dallas because Hall never had any right to cross-examine Dallas under the Confrontation Clause.

Because Hall had the opportunity to cross-examine the analyst who tested the blood and generated the forensic report, the requirements of the Confrontation Clause were satisfied. *See Bullcoming*, 131 S. Ct. at 2710; *Burch*, 401 S.W.3d at 637–38; *Guzman*, 439 S.W.3d at 488 ("[A]ppellee's rights under

7

the Confrontation Clause will not be violated by the unavailability of the nurse who merely performed the blood draw."). Accordingly, the trial court did not abuse its discretion by admitting evidence of Hall's blood test without requiring the State to call the phlebotomist who performed the blood draw as a witness. We overrule Hall's only issue and affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 16, 2015

8