

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-09-214-CR

MARK EDWARD SETTLEMIRE                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

FROM COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY

------------

## OPINION

------------

## I. Introduction

Mark Edward Settlemire appeals following his conviction by a jury of the misdemeanor offense of driving while intoxicated. In one point of error, he claims that the admission of his breath test results violated his right to be confronted by witnesses against him as guaranteed by the Sixth Amendment of the United States Constitution. We conclude no violation of his rights occurred and affirm his conviction.

## II. Factual and Procedural History

Grand Prairie Police Officer Todd Mathew Brannen was on duty the night of March 1, 2006, when he stopped at a red light behind Settlemire. When the light turned green, Settlemire did not proceed. Settlemire got out of his truck saying that it had broken down. Upon talking with Settlemire, the officer noticed that Settlemire's breath smelled of alcohol and that his eyes were glassy and red. He told the officer that he had gone to a bar after work, where he consumed two beers. The officer suspected that Settlemire was intoxicated.

After performing several field sobriety tests, all of which Settlemire failed, the officer arrested Settlemire. The results of the breath test administered to Settlemire confirmed that he was intoxicated.

At trial, and over Settlemire's Confrontation Clause objections, the trial court admitted into evidence the breath test results and the maintenance logs for the intoxilyzer machine. Lori Fuller, the technical supervisor in charge of the machine at the time of the trial, testified and sponsored the test results and maintenance records. Fuller was not the supervisor in charge of the machine when Settlemire was arrested.

## III. No Confrontation Clause Violation

We now address the claimed error that the admission of the intoxilyzer maintenance records and the breath test results violated Settlemire's constitutional right to confront the witnesses against him as provided in the Sixth Amendment.

2

*See* U.S. Const. amend. VI. Out-of-court statements of a testimonial nature are not admissible unless the declarant is unavailable to testify and the defendant has had a previous opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S. Ct. 1354, 1374 (2004).

Settlemire contends that the intoxilyzer maintenance records and breath test results are testimonial in nature and that the trial court erred in admitting those records over his objection. To support his argument, Settlemire relies on the United States Supreme Court's holding in *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009). In *Melendez-Diaz*, the defendant was on trial for selling cocaine. The State of Massachusetts offered "certificates of analysis" in the form of affidavits from lab technicians to prove that the substance in question was cocaine. *Id.* at 2531. The Court held that the certificates in question were a "core class of testimonial statements" covered by the Confrontation Clause. *Id.* at 2532 (relying on *Crawford*, 541 U.S. at 51, 124 S. Ct. at 1364). In so holding, the Court explained that the analysts who prepared the certificates were therefore "witnesses" who the defendant has a right to confront. *Melendez-Diaz,* 129 S. Ct. at 2532.

The Court in *Melendez-Diaz* was apparently aware that its holding might be construed to extend to technical analysts who calibrate and operate equipment, such as the person who supervised Settlemire's intoxilyzer test equipment here. The Court explained:

> [W]e do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution's case. . . . Additionally, documents prepared in the regular course of equipment maintenance may well qualify as nontestimonial records.

*Id.* at 2532 n.1.

Here, the individual, Fuller, who testified about the intoxilyzer's status although she did not supervise it at the time of Settlemire's intoxilyzer test, is precisely the type of analyst that the Court anticipated might be challenged based on its holding in *Melendez-Diaz*. The Court made clear, however, that it did not intend its holding to "sweep[] away an accepted rule governing the admission of scientific evidence." *Id.* at 2533.

We shall not construe *Melendez-Diaz* as doing what the Court clearly stated it was not doing. We hold that Settlemire's rights of confrontation were not violated. We overruled Settlemire's sole point.

### IV. Conclusion

Having overruled Settlemire's sole point, we affirm the trial court's judgment.

CHARLES BLEIL
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER, J.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

PUBLISH

DELIVERED: July 8, 2010

4