

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-11-00881-CR

Michael Scott **ALCARAZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR5853
Honorable Pat Priest, Judge Presiding

Opinion by:  Sandee Bryan Marion, Justice

Sitting:  Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice (not participating)

Delivered and Filed:  March 13, 2013

AFFIRMED

Appellant, Michael Scott Alcaraz, appeals his conviction for felony driving while intoxicated (third offense).  The jury assessed punishment at thirteen years and six months' confinement and a $10,000 fine.  Appellant's sole issue on appeal is that the trial court violated his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution by overruling his objection to the testimony of the State's witness, Debra Stephens.  We affirm.

**BACKGROUND**

On January 20, 2006, appellant picked up his former girlfriend, Denna Sage, from work in a white Ford van and they went to a strip club where they ate and drank. Sage testified that appellant "possibly had a slight buzz" when he picked her up. After Sage and appellant left the club, an off-duty police officer, Deputy Spaulding, witnessed a van driving erratically. Spaulding testified he witnessed the van weaving in and out of lanes, running cars off the road, and the driver making "obscene hand gestures" to another driver. Sage also testified that appellant was driving erratically and was "going too fast, swerving back and forth to the lanes, tailgating people, ran a couple of people off the road." Spaulding radioed in to dispatch to request another unit and followed appellant as he exited the freeway and stopped at an EZ Mart.

In response to the radio request, Officer Ortega arrived at the EZ Mart where Spaulding informed him of what he had witnessed while appellant was inside purchasing beer. When appellant exited the EZ Mart, Ortega approached him and asked if he was the driver of the van, to which appellant replied, "yes." Ortega testified he could detect a "very strong" odor of alcohol on his breath. Ortega also asked appellant if he had been drinking, to which he replied that he had. At that point, Ortega detained appellant on suspicion of driving while intoxicated and contacted Deputy Lopez, an officer who was more proficient in the administration of standard field sobriety tests. Lopez administered multiple field sobriety tests and, based on appellant's performance, placed him under arrest for driving while intoxicated.

Lopez took appellant to the Sherriff's Office where appellant agreed to give a breath sample. The breathalyzer, an Intoxilyzer 5000, printed out a report that the State introduced as State's Exhibit 3. The report was signed by Lopez as the operator, and reported a blood-alcohol concentration (BAC) between .189 and .195. The report also displayed a "reference" test of .078 and four separate "air blanks" in between the tests.

At trial, the State introduced the testimony of five witnesses, including Lopez and Debra Stephens. Stephens is a senior forensic scientist and technical supervisor with the Bexar County Breath Testing Program. She is the custodian of records for all the breathalyzer machines in Bexar County. Stephens recently assumed the position of senior forensic analyst—a position previously held by George Allen McDougall, who had retired.

Stephens testified about how the Intoxilyzer 5000 works, about the machine's accuracy, the machine's maintenance and inspection records, and whether the instrument was working properly on the day appellant's test was administered. She described the various tests included in the breathalyzer report and what the numbers in the report meant. The "analysis" section of the machine's report contained two samples from appellant separated by a "reference sample." Stephens described the "reference sample" as follows:

> The reference portion of the test we formulate an alcohol concentration within what's called a simulator device. We introduce that vapor concentration into the instrument for measurement. We can make any concentration we want and evaluate that alcohol concentration over a very wide range. And so that is known or predicted. It's pumping that alcohol vapor into the instrument for a set amount of time, at a set pressure. And so that's very controlled conditions.
>
> A subject that's being tested is a much more uncontrolled condition and so there's going to be more variation in the sample that's delivered from a human subject than from a known reference device.

Stephens testified her job includes maintaining the reference solutions used in the administration of breath tests. However, at the time appellant's breath test was administered, McDougall was still the person in charge of maintaining the Intoxilyzer machines and creating the reference solutions. The reference solution used in appellant's case was created in McDougall's laboratory. McDougall did not testify at the trial. Appellant objected to Stephens's testimony and the trial court overruled the objection in its entirety.

**ANALYSIS**

On appeal, appellant contends the trial court erred in admitting the breathalyzer report over his Confrontation Clause objection. Specifically, appellant's argument covers two issues: (1) whether appellant's rights under the Confrontation Clause were violated when the State introduced the breathalyzer test results that reported his BAC without the in-court testimony of McDougall, and (2) whether creating the "reference samples" used in the administration of the breathalyzer is "testimonial," requiring the creator to personally testify at trial to satisfy the Confrontation Clause upon the admission of the results of a breathalyzer test.

**A. DID THE ADMISSION OF THE BREATHALYZER RESULTS CERTIFYING APPELLANT'S BAC WITHOUT TESTIMONY FROM MCDOUGALL VIOLATE HIS RIGHTS UNDER THE CONFRONTATION CLAUSE?**

Testimonial statements are those made "under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford v. Washington*, 541 U.S. 36, 52 (2004); *Wall v. State*, 184 S.W.3d 730, 735 (Tex. Crim. App. 2006). The Confrontation Clause permits the admission of out-of-court, "testimonial" statements of witnesses who do not appear at trial "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford*, 541 U.S. at 59; *see* U.S. CONST. amend. VI (Confrontation Clause).

This court, in the recent opinion *Boutang v. State*, held the admission of breathalyzer results in a trial for driving while intoxicated did not violate a defendant's rights under the Confrontation Clause. *Boutang v. State*, No. 04-11-00764-CR, slip op. at 8 (Tex. App.—San Antonio February 27, 2013), *available at* http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersionID=7e60eb07-376c-4eb8-9486-0c89e1c1e573&MediaID=190d3d7c-f2ae-42ad-a8cd-ce7114b10b82&coa=coa04&DT=Opinion. The facts in *Boutang* are essentially the same as in this case. In *Boutang*, Stephens also testified and

sponsored the breath test results over the appellant's objection that McDougall, not Stephens, was required to testify to satisfy her rights under the Confrontation Clause. *Id.* We agree with the analysis of this issue in *Boutang* and conclude the appellant's confrontation rights in this case were not violated.

Upon admission of the breathalyzer report that demonstrated his BAC, appellant had the opportunity to confront both Deputy Lopez, the operator of the Intoxilyzer machine at the time the test was administered, and Stephens, an expert who, as senior forensic analyst, was qualified to give her opinion, based on her review of maintenance and inspection records, regarding the machine's accuracy and whether the instrument was working properly on the day appellant's test was administered. Stephens was qualified to "sponsor" the report and explain what the various numbers in the report meant.

Appellant was entitled to confront the "witnesses against him" upon the admission of the breathalyzer results alleging he was intoxicated. Appellant "confronted" both Deputy Lopez and Stephens. Accordingly, we conclude there was no violation of appellant's rights under the Confrontation Clause when the breathalyzer test results reporting his BAC were admitted into evidence without the testimony of McDougall.

## B. IS CREATING "REFERENCE SOLUTIONS" FOR USE IN BREATHALYZER MACHINES "TESTIMONIAL?"

The second issue we must address is whether creating and maintaining the "reference samples" to be used in breathalyzer machines is "testimonial" for purposes of the Confrontation Clause, requiring the creator to personally testify at trial. Appellant's argument is that because the "reference solution" was not prepared by Stephens herself, his rights under the Confrontation Clause were violated when she testified instead of McDougall because Stephens had "no personal knowledge of the contents of the 'known sample,'" and appellant was therefore denied the opportunity to confront

the "witness who played a crucial role in formatting the device which created the inculpatory evidence employed against him."

According to Stephens' testimony, the "reference solution" serves to show whether the machine is operating correctly by demonstrating that, at the time of testing, it can detect a known concentration of alcohol with accuracy. In her testimony, Stephens described the way a "reference sample" factors into the breathalyzer's analysis:

> If the instrument—if the solution was not made correctly, it would be documented on this test record and his inspection records. The solution itself is not calibrating the instrument. The instrument is previously calibrated. The reference solution is just a demonstration of the time of the test, if the instrument is operating correctly. And it would indicate to me that it was operating correctly.

The "reference test," essentially, is a control test. Stephens testified, "the predicted reference [test] result is known to us. And [the breathalyzer machine] must read accurately or it will invalidate this test and stop the testing procedure right then." She further explained that if the breathalyzer machine does not read the reference sample properly the machine will tell the operator "invalid test, reference out of tolerance" and end the test with no results.

In *Bullcoming v. New Mexico*, the question presented to the Supreme Court was "whether the Confrontation Clause permits the prosecution to introduce a forensic laboratory report containing a *testimonial certification*—made for the purpose of proving a particular fact— through the in-court testimony of a scientist who did not sign the certification or perform or observe the test reported in the certification." *Bullcoming v. New Mexico*, 131 S.Ct. 2705, 2710 (2011) (emphasis added). Appellant relies on *Bullcoming* for the proposition that the Supreme Court's ruling requires the in-court testimony of McDougall—the creator of the reference solutions. However, *Bullcoming*'s holding implicates the Confrontation Clause in situations where forensic reports contain "testimonial certifications" that are "made for the purpose of proving a particular fact." *Id*. McDougall was not making a testimonial certification as a

witness against appellant when he created the reference samples; instead, the reference samples were created for the purpose of confirming the breathalyzer machine's accuracy by demonstrating whether the machine was working at the time of administration. Any testimony from McDougall about the creation of the "reference solution" would be considered "relevant in establishing the . . . accuracy of the testing device." *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 n.1. The *Melendez-Diaz* Court specifically stated this type of witness is not required to testify. *See id*. (". . . we do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the . . . accuracy of the testing device, must appear in person as part of the prosecution's case.").

Based on the foregoing, we conclude creating "reference samples" for use in establishing the accuracy and validity of a breathalyzer testing machine is not "testimonial" for purposes of the Confrontation Clause. Therefore, the in-court testimony of McDougall was not required.

## CONCLUSION

We conclude appellant's rights under the Confrontation Clause were not violated when the breathalyzer result reporting his BAC was admitted over his objection. We also conclude creating "reference samples" for use in breathalyzer testing is not considered "testimonial" for purposes of the Confrontation Clause. We affirm the judgment of the trial court.

Sandee Bryan Marion, Justice

Publish