

IN THE
TENTH COURT OF APPEALS

No. 10-12-00169-CR

TONY EUGENE BEARD,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the County Court
Limestone County, Texas
Trial Court No. 35374

## O P I N I O N

Tony Eugene Beard was convicted of driving while intoxicated and sentenced to 180 days in jail. *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2013). His sentence was suspended, and he was placed on community supervision for one year. On appeal, Beard argues that "the trial court erred in failing to exclude the testimony of the State's technical supervisor, [Scott Brown,] denying Mr. Beard's constitutional right of confrontation." *See* U.S. CONST. art. VI. We affirm the trial court's judgment.

Scott Brown was not the technical supervisor of the Intoxilyzer 5000 at the time Beard submitted to a breath test analysis. Thus, he did not test the instrument to make sure it was working properly and did not formulate the reference sample solution used by the instrument. Those tests and formulations were conducted by the former technical supervisor for the area, Ron Oliver, who, at the time of Beard's trial, had been reassigned to Houston because the territories of the technical supervisors were reconfigured.

Beard filed a motion to suppress the breath test, or Intoxilyzer, results but not due to a violation of the Confrontation Clause. However, in a pretrial hearing, Beard complained to the trial court that because the technical supervisor who was going to be testifying, that being Brown, was not the technical supervisor of the Intoxilyzer at the time Beard submitted a breath specimen, the Confrontation Clause was violated. After hearing argument and testimony from Brown, the trial court overruled the motion to suppress "those results." At trial, Beard re-urged his objection argued at the pretrial hearing both before Brown testified and when the State offered the Intoxilyzer results into evidence. The trial court overruled those objections.

Testimony from the technical supervisor as to 1) the proper use of the reference sample, 2) the existence of periodic supervision over the instrument by one who understands the scientific theory of the instrument, and 3) proof of the result of the test by one who is qualified to translate and interpret such result, is a predicate to the

introduction of the Intoxilyzer results.  *See Harrell v. State*, 725 S.W.2d 208, 209 (Tex. Crim. App. 1986).  Beard argues on appeal that a technical supervisor's observations, records, and other work product regarding the first two prongs of this predicate is testimonial and that his right to confront the witness was violated when the State presented the alleged testimonial evidence of Ron Oliver through Scott Brown.

Beard's issue was recently addressed by the San Antonio Court of Appeals in two cases, *Boutang v. State* and *Alcaraz v. State*.  *Boutang v. State*, 402 S.W.3d 782 (Tex. App.—San Antonio 2013, pet. ref'd); *Alcaraz v. State*, 401 S.W.3d 277 (Tex. App.—San Antonio 2013, no pet.).

In *Boutang*, the appellant argued that the trial court violated her rights under the Confrontation Clause by overruling her objection to the testimony of a "surrogate" analyst who was not employed by the Department of Public Safety during the time the appellant's breath specimen was provided and analyzed.  *Boutang*, 402 S.W.3d at 786. One of the appellant's specific arguments addressed by the court of appeals was that, for admissibility of the breath test results, the State must show that the Intoxilyzer functioned properly on the day of the test and that the former analyst, as the person in charge of maintaining the Intoxilyzer used, was the only witness who could provide evidence as to the proper functioning of the machine.  *Id*. at 787.  The court of appeals disagreed, noting that neither the Court of Criminal Appeals nor any appellate court in this State has required the State to produce the actual person who mixed a reference

solution for an Intoxilyzer machine before the breath-test results could be admitted in court, and noting that the analyst did not testify she prepared or created a report that was actually created by another analyst, nor was she certifying such a report based on the machine's results. *Id*. at 788. Rather, the court of appeals determined, the analyst merely interpreted the results from the Intoxilyzer's own print-out. *Id*. The court concluded that the analyst's testimony did not violate the appellant's rights under the Confrontation Clause. *Id*. at 789. The court of appeals also concluded that the Intoxilyzer maintenance records created by the former analyst were not testimonial in nature and did not violate the appellant's rights under the Confrontation Clause. *Id*. at 790.

A month later, the same court of appeals, but with a different panel of justices, agreed with the court's previous analysis in *Boutang* and concluded that the appellant's Confrontation Clause rights were not violated when the breath test results were admitted into evidence without the former analyst's testimony. *Alcaraz*, 401 S.W.3d at 280-281. The court of appeals also concluded that the creation of "reference samples" for use in establishing the accuracy and validity of the Intoxilyzer was not "testimonial" for purposes of the Confrontation Clause. *Id*. at 282.

In this case, Scott Brown testified that he was a technical supervisor for the Department of Public Safety who had the responsibility of supervising all things regarding breath tests in 15 counties in east Texas. He supervised and maintained the

instruments used for breath alcohol testing and was the custodian of the reports that are generated by those instruments. He was required to conduct on-site inspections of every instrument under his supervision at least once per calendar month.

Although he had not prepared the maintenance records of the Intoxilyzer during the month Beard was administered a breath test, he reviewed those records and determined the Intoxilyzer was operating properly when the breath test was administered to Beard. Brown further testified that several safeguards were built into the breath test program that would ensure the instrument itself would not produce a valid test unless it was operational. Brown also explained what a reference sample solution was and its purpose. And, although Brown did not prepare this particular reference sample, Brown knew that the former operator prepared his solution the same way that Brown prepared the solution. Brown testified that the test slip which reflected the results of Beard's breath test also reflected that the result was within the predicted range of the reference sample. If the sample was not within the predicted range, the Intoxilyzer would show that the test was invalid.

Based on the reasoning and conclusions of *Boutang* and *Alcaraz*, we agree with the San Antonio Court of Appeals and hold that Brown's testimony regarding the operation of the Intoxilyzer and the use of the reference sample solution were not testimonial and did not violate Beard's right to confront witnesses.

Beard's sole issue is overruled.

The trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Affirmed
Opinion delivered and filed November 21, 2013
Publish
[CR25]