**Opinion filed August 6, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00219-CR

_____

## AFRIM HYSENAJ, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 2**
**Denton County, Texas**
**Trial Court Cause No. CR-2011-08412-B**

## M E M O R A N D U M   O P I N I O N

The jury convicted Afrim Hysenaj of driving while intoxicated. The trial court assessed Appellant's punishment at confinement in jail for 365 days and a $1,000 fine. The trial court suspended the imposition of Appellant's confinement and placed him on community supervision for a term of twenty-four months. Appellant presents us with two points of error.[1] We affirm.

In Appellant's first point of error, he argues that the trial court violated his rights under the Confrontation Clause of the Sixth Amendment when it admitted

_____

[1]Under a docket equalization order, the Supreme Court of Texas transferred this appeal from the Second Court of Appeals to the Eleventh Court of Appeals. As required under TEX. R. APP. P. 41.3, we will decide this case in accordance with the precedent of the Second Court of Appeals.

Appellant's breath test results through an intoxilyzer supervisor who was not in charge of the supervision and maintenance of the intoxilyzer at the time of Appellant's arrest. In his second point of error, Appellant argues that the trial court erred when it admitted, for demonstrative purposes only, a video of a horizontal gaze nystagmus (HGN) test that showed an unknown individual's eyes that presented nystagmus and an unknown individual's eyes that did not present nystagmus.

The evidence shows that, at approximately 1:19 a.m. on the date of the offense, Officer Keith Putman with the Frisco Police Department saw Appellant driving his vehicle at a speed of ninety-six miles an hour on Main Street in Frisco. The speed limit there was forty-five miles per hour. Officer Putman stopped Appellant. Officer Putman testified that, when he went up to Appellant's vehicle, he noticed that Appellant smelled of alcohol and that his eyes were bloodshot and glassy. Further, when Officer Putman asked Appellant for identification, Appellant attempted to hand Officer Putman his credit card instead of his driver's license. Appellant admitted that he had consumed two alcoholic drinks that night. Officer Putman asked Appellant to get out of his vehicle. After Appellant was out of his vehicle, Officer Putman administered several field sobriety tests. After Officer Putman conducted the field sobriety tests, he concluded that Appellant was intoxicated and arrested him.

After his arrest, Appellant agreed to take an intoxilyzer test. The intoxilyzer was operated at the time by Officer Brent Stafford, a detention officer with the Frisco Police Department and a certified intoxilyzer operator/officer supervised by Fondren Forensics. The results of the breath test showed a blood alcohol content of 0.115.

A technical supervisor is in charge of the intoxilyzer maintenance and the oversight of intoxilyzer operators in the area that they serve. On the date that Officer Stafford administered the breath test to Appellant, Lisa Fondren was the technical supervisor over the intoxilyzer that Officer Stafford used to administer the

breath test to Appellant. At the time of trial, Katie Scott, not Fondren, was the technical supervisor over intoxilyzers and operators in that area. Scott testified that the intoxilyzer that Officer Stafford used to administer the breath test to Appellant was in working order at the time of the test. Fondren did not testify.

Appellant objected to the admission of the breath test results and claimed that the admission of the results would be a violation of his right to confrontation under the Sixth Amendment. The trial court admitted the breath test results over Appellant's objection.

In *Crawford v. Washington*, the Supreme Court of the United States held that testimonial statements made out of court by available witnesses are inadmissible in a criminal trial because the admission of the statements would violate the Confrontation Clause of the Sixth Amendment. 541 U.S. 36, 53–54 (2004). We review a Confrontation Clause issue de novo. *Wall v. State*, 184 S.W.3d 730, 742–43 (Tex. Crim. App. 2006).

Previously, in *Settlemire*, the Fort Worth Court of Appeals answered the precise question now before this court. *Settlemire v. State*, 323 S.W.3d 520, 522 (Tex. App.—Fort Worth 2010, pet. ref'd). There, the State charged the defendant with driving while intoxicated. At trial, the court admitted breath test results, as well as maintenance records, for the breath test machine that had been used to administer a breath test to the defendant. *Id.* at 521. Lori Fuller was the supervisor over the involved breath test machine at the time of trial. She was also the testifying witness. *Id.* The supervisor over the machine at the time that the defendant's breath test was administered did not testify. *Id.*

In affirming the trial court's decision, the court in *Settlemire* had occasion to consider the Supreme Court's decision in *Melendez-Diaz*. There, the United States Supreme Court held that certificates of analysis that contained the results of forensic analysis performed on substances seized when the defendant was arrested were

3

testimonial statements admitted in violation of the Confrontation Clause. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310–12 (2009). In so holding, however, the Court noted that "it is not the case[] that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, *or accuracy of the testing device*, must appear in person as part of the prosecution's case." *Id.* at 311 n.1 (emphasis added). The Fort Worth court considered the scenario in *Settlemire* to be the type of situation to which the Supreme Court referred in that portion of the *Melendez-Diaz* opinion that we have quoted above, and it held that the trial court did not violate the defendant's right to confrontation. *Settlemire*, 323 S.W.3d at 522.

Appellant relies on *Bullcoming* and *Burch*, both of which were decided after the *Settlemire* decision, to support his argument that the trial court violated his rights under the Confrontation Clause of the Sixth Amendment. *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011); *Burch v. State*, 401 S.W.3d 634 (Tex. Crim. App. 2013). *Bullcoming* and *Burch* are distinguishable from the case before us.

Unlike this case, *Bullcoming* and *Burch* both involved laboratory tests and analyses of submitted specimens: blood in *Bullcoming* and cocaine in *Burch*. In each of those cases, the prosecution called analysts who did not participate in or observe the tests or prepare the analyses to testify about the results of those tests. *Bullcoming*, 131 S. Ct. at 2709; *Burch*, 401 S.W.3d at 635–36. In both cases, the courts held that reports admitted through witnesses who did not perform the tests and analyses violated the defendants' rights under the Confrontation Clause of the Sixth Amendment. *Bullcoming*, 131 S. Ct. at 2710; *Burch*, 401 S.W.3d at 635–36.

However, the case before us is distinguishable. Here, a technical supervisor with current oversight over the intoxilyzer testified to the accuracy of the testing device. Appellant had the opportunity to cross-examine her. The individual who actually conducted the test testified, and Appellant had the opportunity to cross-examine him. Further, the laboratory report admitted in *Bullcoming* included

notations and certifications made by the analyst who did not testify. *Bullcoming*, 131 S. Ct. at 2710–11. Conversely, here, the breath test results admitted through Scott did not include any separate notations or analyses by Fondren, Officer Stafford, or Officer Putman. Rather, the document was simply a printout of the breath test results from the intoxilyzer.

Moreover, in line with *Settlemire*, the Court of Criminal Appeals recently acknowledged that the holdings in *Bullcoming* and in *Burch* are not so broad as to require testimony from every individual involved in the analysis of a piece of evidence in order to comply with the Confrontation Clause of the Sixth Amendment. *See Paredes v. State*, No. PD-1043-14, 2015 WL 3486472, at *6–8 (Tex. Crim. App. June 3, 2015).

In this case, we hold that, under the authorities cited, including *Settlemire*—which we are required to follow—the trial court did not violate Appellant's right to confrontation when it admitted the test results. We overrule Appellant's first point of error.

In Appellant's second point of error, he argues that the trial court erred when it admitted, over his Rule 403 objection, a demonstrative video that showed unknown human eyes with and without nystagmus. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." TEX. R. EVID. 403. Demonstrative evidence serves as an aid to the jury in understanding a witness's testimony and must meet the standards in the Texas Rules of Evidence. *Hartsock v. State*, 322 S.W.3d 775, 778–79 (Tex. App.—Fort Worth 2010, no pet.). Appellant does not argue that the evidence is irrelevant or immaterial; rather, he argues that the evidence is substantially more prejudicial than probative and that the trial court should not have admitted the video for demonstrative purposes. We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Montgomery v.*

*State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We will reverse a trial court's ruling only if it is outside the "zone of reasonable disagreement." *Id.*

The video in this case merely depicted unknown eyes that showed the jury the signs of nystagmus and other unknown eyes without signs of nystagmus. The State used the demonstrative video during Officer Putman's testimony to help the jury understand what exactly Officer Putman was looking for when he conducted the HGN test on Appellant. In his testimony, Officer Putman told the jury that the video was not of Appellant's eyes and that it was merely to aid his testimony. Further, the trial court gave the following limiting instruction to the members of the jury:

> Members of the jury, this is being admitted solely for the purpose of demonstrating for you what horizontal gaze nystagmus looks like and it's not intended to show what the defendant's eyes looked like on the evening in question, nor does it show the defendant's eyes at all, purely for the purpose of demonstrating what horizontal gaze nystagmus looks like.

In *Hartsock*, the Fort Worth court held that the trial court did not err when it admitted a video that showed what HGN looks like. *Hartsock*, 322 S.W.3d at 779. The officer testified that the eyes in the video did not belong to the defendant, and the judge gave a limiting instruction. *Id.* Although the court held that demonstrative evidence must comply with Rule 403, the question before the court did not concern Rule 403, and the court held that the video was properly admitted for demonstrative purposes without the need to prove scientific reliability. *Id.*

In *Winstead*, relying on cases such as *Hartsock*, we held that an HGN video similar to the one before us in this appeal was not substantially more prejudicial than probative. *Winstead v. State*, No. 11-13-00053-CR, 2014 WL 4536379, at *6–7 (Tex. App.—Eastland Sept. 11, 2014, no pet.) (mem. op., not designated for publication). *Winstead* concerned facts and evidence similar to this case. *See id.* In *Winstead*, the defendant argued that the HGN video used for demonstrative purposes

was irrelevant and substantially more prejudicial than probative. *Id.* We held such arguments lacked merit under Rule 403. *Id.*

There are four factors used to analyze arguments under Rule 403: "(1) the probative value of the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence." *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005); *accord Montgomery*, 810 S.W.2d at 389–90. In this case, the time needed to develop the evidence was negligible. Presentation of the video took very little time out of Officer Putman's testimony, and the State used it to assist Officer Putman as he described what HGN signs he looked for and found in Appellant's eyes the morning of the offense. The State's need for the evidence was low because Officer Putman's testimony about HGN and the other signs of intoxication fully developed the signs of Appellant's intoxication. The potential to impress the jury was marginal due to Officer Putman's testimony that the video was not a video of Appellant's eyes. Further, the video was used solely to aid his testimony; we also note the court's limiting instruction. *See Keller v. State*, No. 06-13-00042-CR, 2014 WL 1260611, at *2 (Tex. App.—Texarkana Mar. 27, 2014, no pet.) (mem. op., not designated for publication). We find that the Rule 403 balancing test weighs in favor of admissibility. Consequently, we cannot say that the trial court abused its discretion when it admitted the video for demonstrative purposes. We overrule Appellant's second point of error.

We affirm the judgment of the trial court.


August 6, 2015                                             JIM R. WRIGHT

Do not publish. *See* TEX. R. APP. P. 47.2(b).          CHIEF JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.