

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00043-CR

_____

JASON BENSON, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from County Criminal Court No. 6
Tarrant County, Texas
Trial Court No. 1702971

_____

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

Appellant Jason Benson appeals his conviction for driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04. In two points on appeal, Benson argues that the trial court violated his right to confront witnesses and that the trial court erred by denying his challenge of a venireperson for cause. We affirm.

## I. Background

Because there is no challenge to the sufficiency of the evidence, only a brief summary of the facts is necessary. On September 29, 2021, Officer Esmerelda Magana observed Benson drive a vehicle with an expired registration, and she conducted a traffic stop. While speaking with Benson, Officer Magana detected an odor of alcohol on his breath and noticed that his speech was slurred. Benson initially told Officer Magana that he had not consumed alcohol but later admitted to having two drinks prior to leaving work. After having Benson perform field sobriety tests, Officer Magana determined that he had lost his mental and physical faculties to safely operate a motor vehicle.

Benson consented to give a specimen of his breath for testing, and he was taken to jail to provide the specimen. Officer Donald Maywald obtained two samples of Benson's breath. Robert Browder, a senior technical supervisor with the "Breath[–]Alcohol Testing Division" of the Texas Department of Public Safety, testified at trial that the results from those specimens indicated that Benson had a breath–alcohol level of .109 and .095—both above the legal limit in Texas. Benson

testified at trial that he had a few drinks prior to driving but that he had not lost the use of his mental faculties.

The jury convicted Benson of driving while intoxicated, and the trial court assessed his punishment at 90 days' confinement in the Tarrant County Jail and a $1,000 fine. The trial court suspended imposition of the confinement portion of the sentence and placed Benson on community supervision for 15 months. This appeal followed.

## II. Confrontation Clause

In the first point, Benson argues that the trial court violated his right to confront witnesses against him guaranteed by the Sixth Amendment of the United States Constitution by admitting the breath-test results without the testimony of the technical supervisor in charge of the machine on the day of his arrest.

### A. Standard of Review

We review a trial judge's admissibility decision for an abuse of discretion. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). The trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id.* But if the evidentiary ruling is correct under any applicable theory of law—even if the trial court gave a wrong or insufficient reason for the ruling—we will not disturb it. *Id.*

### B. Applicable Law

To introduce the results from a breath test into evidence, the State must lay the proper predicate by establishing (1) that the machine functioned properly on the day

of the test as evidenced by a reference sample's having been run through it; (2) the existence of periodic supervision over the machine and operation by one who understands the scientific theory behind it; and (3) proof of the results of the test by a witness or witnesses qualified to translate and interpret such results. *See Harrell v. State*, 725 S.W.2d 208, 209 (Tex. Crim. App. 1986); *Rhyne v. State*, 387 S.W.3d 896, 902 (Tex. App.—Fort Worth 2012, no pet.) (mem. op.).

## C. Discussion

The State sought to lay the predicate through the testimony of Officer Maywald, a certified breath-test operator who administered the test to Benson, and Browder, the technical supervisor for the machine used to administer the test at the time of trial. The technical supervisor at the time Benson's test was administered had retired, and Browder had replaced her. Benson objected at trial that he was entitled to confront the technical supervisor who was responsible for the maintenance of the machine at the time the test was administered. The trial court overruled the objection, admitted the breath-test results, and allowed Browder to testify as to those results.

Benson cites *Bullcoming v. New Mexico* in support of his argument that he was entitled to confront the technical supervisor who was responsible for the machine at the time the test was administered. 564 U.S. 647, 131 S. Ct. 2705 (2011). In *Bullcoming*, the United States Supreme Court held that the defendant's constitutional right of confrontation was violated when the State introduced a report containing the results of a blood test determining the defendant's blood–alcohol concentration through the

4

testimony of an analyst who had not performed the test or signed the certification of blood–alcohol concentration. *Id.* at 664–65, 131 S. Ct. at 2717. In *Bullcoming*, the Court noted that the analyst "certified to more than a machine-generated number" and held that the report was testimonial in nature. *Id.* at 661, 665, 131 S. Ct. at 2715, 2717.

Benson's argument that he has the right to confront the specific technical supervisor responsible for the machine at the time of his arrest has been rejected by this court in *Settlemire v. State*, 323 S.W.3d 520, 522 (Tex. App.—Fort Worth 2010, pet. ref'd). This court relied on the footnote in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 n.1, 129 S. Ct. 2527, 2532 n.1 (2009), in reaching its conclusion. *Settlemire*, 323 S.W.3d at 522. The Supreme Court stated in that footnote:

> [W]e do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution's case. . . . Additionally, documents prepared in the regular course of equipment maintenance may well qualify as nontestimonial records.

*Melendez-Diaz*, 557 U.S. at 311 n.1, 129 S. Ct. at 2532 n.1.

Benson argues that the language in the footnote from *Melendez-Diaz* is dicta that refers to mere chain-of-custody concerns and does not apply to his argument concerning the reliability of the procedures used to analyze his breath samples. However, after *Bullcoming* was decided, our sister court also relied on the footnote in *Melendez-Diaz* and held that a defendant does not have a right to confront the specific technical supervisor responsible for the machine at the time of the breath test. *Trigo v.*

*State*, 485 S.W.3d 603, 611 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). The court noted other courts of appeals have uniformly reached the same holding.[1] *Id.* at 611–12. Following the established precedent of this court and other courts of appeals, we hold that Benson did not have the right to confront the specific technical supervisor responsible for the machine at the time of his arrest. We overrule Benson's first point.

### III. Jury Selection

In his second point, Benson argues that the trial court erred by denying his challenge of a venireperson for cause.

**A. Standard of Review**

When a trial court denies a challenge for cause, we look to the entire record to determine whether sufficient evidence exists to support its ruling. *Hudson v. State*, 620 S.W.3d 726, 731 (Tex. Crim. App. 2021). Because the trial court is in the best position to evaluate a venireperson's demeanor and responses, we review its challenge-for-cause rulings with considerable deference. *Id.* Only for a clear abuse of discretion will we reverse. *Id.*

**B. Applicable Law**

---

[1] *See Hysenaj v. State*, No. 11-13-00219-CR, 2015 WL 4733068, at \*1–2 (Tex. App.—Eastland Aug. 6, 2015, no pet.) (mem. op., not designated for publication); *Beard v. State*, 421 S.W.3d 676, 677–78 (Tex. App.—Waco 2013, pet. ref'd); *Lightfoot v. State*, No. 05-12-00428-CR, 2013 WL 3871041, at \*5 (Tex. App.—Dallas July 23, 2013, pet. ref'd) (mem. op., not designated for publication); *Alcaraz v. State*, 401 S.W.3d 277, 280 (Tex. App.—San Antonio 2013, no pet.); *Weber v. State*, No. 14-11-00863-CR, 2012 WL 3776362, at \*4–5 (Tex. App.—Houston [14th Dist.] Aug. 30, 2012, no pet.) (mem. op., not designated for publication).

Venire members are challengeable for cause if they have a bias or prejudice against the defendant or the law on which the State or the defendant is entitled to rely. *Id.* The test is whether the bias or prejudice would substantially impair the prospective jurors' ability to carry out their oath and to follow instructions in accordance with the law. *Id.* Before potential jurors may be excused on this basis, the law must be explained to them, and they must be asked whether they can follow the law regardless of their personal views. *Id.* The challenger bears the burden of showing that the challenge is proper. *Id.* The challenger does not meet this burden until he has shown that the venire members understood the law's requirements and could not overcome their prejudice well enough to follow the law. *Id.*

## C. Discussion

Benson specifically complains that the trial court erred by denying his challenge for cause to Venireperson Naseef. During jury selection, an unidentified member of the venire remarked that the jury was there because someone got arrested for drinking and driving and "blew over a .08." Benson's counsel then asked the panel if anyone else had also formed the opinion that Benson must have "blown over a .08." Venireperson Naseef responded "yes" to that question.

The trial court brought in Venireperson Naseef for individual questioning. The following exchange occurred:

> **[Benson's Counsel:]** I'm sorry. Did you say earlier that you had formed the idea that he had -- my client had been arrested by a police officer and scored over [.08]?

[**Naseef:**] It would be my very strong opinion that, yes, I think he did blow greater than a .08, and he selected a jury trial to perhaps lessen the impact on that result.

[**Benson's Counsel:**] Okay. So -- okay. That's fine. I don't have any other questions.

[**State:**] Your Honor, if I could?

[**Trial Court:**] Please.

[**State:**] Just a few questions.

So I know you've made some assumptions about things, but as the client is sitting right here, the defendant, do you feel that he is guilty or not guilty, knowing the fact that the State hasn't presented any evidence?

[**Naseef:**] No, I -- I don't know if he's guilty or not guilty.

[**State:**] Exactly, right? You need to hear that evidence in order to make that determination?

[**Naseef:**] Correct.

[**State:**] Is there anything that you say in your -- the back of your mind, that you're sitting here saying he's guilty right now as he's sitting, knowing that I haven't presented any evidence?

[**Naseef:**] Opinions are reasonably formulated. And, yeah, one can assume that, you know, you wear a blue suit so you're -- but that, still, opinions can be changed by fact. So, no. To me, I don't know if he's guilty or not guilty.

[**State:**] And do you feel that you could be a fair and impartial juror in this trial?

[**Naseef:**] Yeah.

[**State:**] Nothing further from the State, Judge.

[**Trial Court:**] All right. [Benson's counsel], anything else?

[**Benson's Counsel:**] Do you still have the idea he was arrested by some policeman who thought he was intoxicated and he scored over [.08]? And that he picked a jury trial to lessen --

[**Naseef:**] In my opinion --

[**Benson's Counsel:**] That he picked a jury trial to lessen the impact? 'Cause, guess what, they asked for a jury trial, too. Even if -- like, if he says, I want a bench trial, and the State can say, we want a jury trial --

[**State:**] Your Honor, at this point, I feel like Defense counsel's trying to change the juror's mind on his answers.

[**Benson's Counsel:**] No. He's already told us in voir dire and he -- and he still thinks that.

[**Naseef:**] In my opinion, yes, I -- I think he got caught driving. He blew greater than a .08, and he wants a jury trial. That's my opinion.

[**Benson's Counsel:**] Okay.

[**Naseef:**] That doesn't mean he's guilty. That just means that's my opinion.

[**Trial Court:**] Mr. Naseef, let me -- let me --

[**Naseef:**] And can it be changed? Yes.

[**Trial Court:**] Let me ask you this: Can you follow the instructions and the law that I give you?

[**Naseef:**] Can I follow the instructions --

[**Trial Court:**] And the law that I give you as the judge of this court?

[**Naseef:**] Yes.

[**Trial Court:**] Okay. And if that law says the defendant's presumed innocent unless and until the jury's convinced beyond a reasonable doubt of the defendant's guilt, you can follow that law?

[**Naseef:**] Yes.

[**Trial Court:** All right. Thank you, sir. You can be excused.

The trial court denied the challenge for cause. Benson requested an additional peremptory challenge because he had used one on Venireperson Naseef, and the trial court denied his request.

Although Venireperson Naseef had formed an opinion that Benson was arrested and blew over .08, he stated that he had not formed the opinion that Benson was guilty. He unequivocally stated that he could follow both the trial court's instructions and the law on the presumption of innocence. Benson did not meet his burden to show that Venireperson Naseef could not follow the law. *See id.* The trial court did not abuse its discretion in denying Benson's challenge for cause of Venireperson Naseef. We overrule Benson's second point.

## IV. Conclusion

We affirm the trial court's judgment.

/s/ Wade Birdwell
Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 8, 2024

10